FILED
 2014 Nov-10  PM 02:19
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK CRAIG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 2:14-CV-08029-LSC |
| ) | (2:11-CR-0013-LSC-HGD-4) |
| ) | |
| UNITED STATES OF AMERICA,) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OF OPINION AND ORDER

This is a motion to vacate and reimpose a sentence under 28 U.S.C. § 2255, filed by Petitioner, Derrick Craig, with the assistance of counsel. For the following reasons, the motion is due to be granted.

I.   Background

On August 29, 2011, Petitioner pled guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 14), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 15). As part of his written plea agreement, Petitioner waived his rights to appeal his conviction and sentence and to seek post-conviction collateral relief to challenge his sentence. He did, however, reserve the right to contest "[a]ny sentence imposed in excess of the applicable statutory maximum" and "[a]ny sentence that constitutes an upward

departure from the advisory guideline sentencing range calculated by the court at the time the sentence is imposed."

On January 25, 2012, Petitioner was sentenced by this Court to a total of 346 months imprisonment: 240 months as to Count 14 and 106 months as to Count 15, each to run consecutively with the other. Judgment was entered on January 27, 2012.

Petitioner filed a *pro se* notice of appeal on June 26, 2013. The Eleventh Circuit Court of Appeals appointed counsel for Petitioner on direct appeal. On July 8, 2014, the Eleventh Circuit Court of Appeals granted the Government's motion to dismiss Petitioner's appeal as untimely, but stated that it expressed no opinion as to what determination the district court should make if presented with a § 2255 motion to vacate and reimpose its sentence to permit a timely appeal.

Through the same appointed direct appeal counsel, Petitioner filed the instant § 2255 motion in this Court on June 3, 2014. The Court directed the Government to show cause as to why Petitioner's motion should not be granted. The Government responded on October 29, 2014, agreeing with Petitioner that the motion should be granted and that the Petitioner should be re-sentenced.

II.    The § 2255 Motion[1] and the Government's Response

---

[1] The Court need not address whether the motion was timely filed under § 2255(f), which sets forth the statute of limitations that applies to motions to vacate sentences filed pursuant to §

The basis of Petitioner's motion is that the Court miscalculated the United States Sentencing Guidelines range for his offenses by adding 84 months to the applicable guideline range of 262-327 months pursuant to the Career Offender provisions found at U.S.S.G. § 4B1.1(c)(3). Petitioner also contends that the Court erred at the sentencing hearing by upwardly departing from its erroneous calculation by adding 22 additional months on the brandishing offense, resulting in a total of 106 months on that offense. Petitioner raises four ineffective assistance of trial counsel claims in his petition: 1) trial counsel failed to object to the Court's miscalculation of the applicable Guidelines range; 2) trial counsel failed to object to the Court's upward departure on the sentence for the brandishing offense; 3) trial counsel failed to object to the Government's breach of the plea agreement;[2] and 4) trial counsel failed to file

---

2255. Petitioner argued that the § 2255 motion is timely because it was filed within one year of Petitioner discovering through the exercise of due diligence his attorney's failure to prosecute his appeal as he directed. *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010) ("A § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal."). The Government does not challenge that argument in its response, thus waiving the defense. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[T]he AEDPA 'statute of limitations defense . . . is not jurisdictional.' . . . It does not set forth 'an inflexible rule requiring dismissal whenever' its 'clock has run.'") (quoting *Day v. McDonough*, 547 U.S. 198, 205, 208 (2006)); *see also Day*, 547 U.S. at 213 ("We have repeatedly stated that the enactment of time-limitation periods such as that in § 2244(d), without further elaboration, produces defenses that are nonjurisdictional and thus subject to waiver and forfeiture.") (citing cases) (Scalia, J., dissenting).

[2] This allegation is based on Petitioner's underlying argument that the Government breached its plea agreement with Petitioner by recommending a sentence that was 22 months above the Court's erroneously-calculated Guidelines range. The United States Probation Office

a timely notice of appeal as directed. Petitioner requests that this Court vacate and reimpose its sentence using the proper Guidelines range and permit Petitioner to timely appeal his sentence of imprisonment.

As noted, the Government has responded to the motion. Contrary to the position that it took at sentencing, the Government now agrees with Petitioner that the appropriate Guidelines range for both offenses is a total of 262-327 months. The Government requested that this Court re-sentence Petitioner, and stated that it will recommend a low-end Guidelines range of 262 months imprisonment at re-sentencing.

III. Conclusion

Having now carefully reviewed and considered the § 2255 motion and the Government's response to it, and having independently examined the entire record in Petitioner's criminal case, it is hereby ORDERED and ADJUDGED that the motion for § 2255 relief be and hereby is GRANTED, and Petitioner's sentence in *United States v. Craig*, 2:11-cr-00013-LSC-HGD-4 (N.D. Ala.) is hereby VACATED.

---

and the Government agreed that the Guidelines range for Petitioner's brandishing offense was 84 months. However, at sentencing, the Government recommended a sentence of 106 months. Because the Government recommended an upward departure rather than the "low end" of the Guidelines range as it had agreed to recommend, Petitioner argues that the Government breached the agreement underlying his guilty plea, and trial counsel was ineffective for not objecting on this ground.

By separate order in Petitioner's criminal case, the Court will set a new sentencing hearing for the Petitioner.  This action is DISMISSED WITH PREJUDICE.

Done this 10th day of November 2014.

                                                L. Scott Coogler
                                   United States District Judge

[160704]